UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Indictment No. CR 122-052 |
| V. ) | |
| ) | |
| ) | |
| ) | |
| CODY TRUITT DEVORE ) | |
| ) | |

**GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY**

Now comes the United States of America, by and through David H. Estes, United States Attorney for the Southern District of Georgia, and the undersigned Assistant United States Attorney, and moves as follows:

In light of the liberal discovery previously provided by the Government to the Defendant in this case, the Government moves the Court to order the Defendant in the above captioned case to provide the Government with reciprocal discovery by no later than two weeks prior to trial, to include:

1. **Documents and Objects.** Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the Defendant and which the Defendant intends to introduce as evidence in his case-in-chief at the trial. See Fed. R. Crim. P. 16(b)(1)(A).

2. **Reports of Examinations and Tests.** Results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this particular case, or copies thereof, within the possession or control of the Defendant which the Defendant intends to introduce as evidence-in-chief at the trial

or which were prepared by witnesses whom Defendant intends to call at the trial when the results or reports relate to their testimony. See Fed. R. Crim. P. 16(b)(1)(B).

3. **Expert Witnesses**. A written summary of any testimony that Defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, describing the expert witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. See Fed. R. Crim. P. 16(b)(1)(c).

4. **Prior Statements of Defense Witnesses**. All prior statements in the possession of the Defendant, if any, given by witnesses whom the Defendant expect to call at trial other than the Defendant himself. The term "statements" is to be construed by the Defendant as it is defined in Fed. R. Crim. P. 26.2 (effective December 1, 1980) and the Jencks Act, codified at 18 U.S.C. § 3500. See Fed. R. Crim. P. 26.2 and United States v. Nobles, 422 U.S. 225 (1975).

Respectfully submitted this 15th day of July, 2022.

DAVID H. ESTES
UNITED STATES ATTORNEY

***/s/ Henry W. Syms, Jr***
Henry W. Syms, Jr.
Assistant United States Attorney
Georgia Bar No. 695009
T: (706) 826-4536
Email: hank.syms@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 15th day of Julyt, 2022.

Respectfully submitted,

***/s/ Henry W. Syms, Jr.***
Henry W. Syms, Jr.
Assistant United States Attorney
Georgia Bar No. 695009
T: (706) 826-4536
Email: hank.syms@usdoj.gov